IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ALEJANDRO MARTINEZ,**                                   09-CV-07-BR

       **Petitioner,**                              OPINION AND ORDER

**v.**

**STATE OF OREGON and**
**ATTORNEY GENERAL of the**
**UNITED STATES,**

       **Respondents.**


**ALEJANDRO MARTINEZ**
16099344 SRCI
777 Stanton Blvd.
Ontario, OR  97914

       Petitioner, *Pro Se*


**BROWN, Judge.**

    This matter comes before the Court on Alejandro Martinez's Amended Petition for Hardship Status Consideration (#4) under 8 U.S.C. § 1186a.  For the reasons that follow, the Court **DENIES**

1   -   OPINION AND ORDER

Martinez's Amended Petition and **DISMISSES** this matter **without prejudice** to Petitioner's right to submit his request to the Attorney General of the United States.

## BACKGROUND

On January 5, 2009, Martinez filed a Petition for Hardship Status Consideration under 8 U.S.C. § 1186a.

On January 14, 2009, the Court issued an Order to Show Cause why this matter should not be dismissed for lack of subject-matter jurisdiction.  The Court noted petitions and requests for hardship waiver under § 1186a must be submitted to the Attorney General of the United States as required by § 1186a(c)(1) and (c)(4) rather than to the United States District Court.  The Court, therefore, indicated Martinez's Petition appeared to be defective and advised it would dismiss the matter unless Martinez cured those defects.

On February 12, 2009, Martinez filed an Amended Petition in response to the Court's January 14, 2009, Order.  The Court construes Martinez's Amended Petition as a Response to the Court's Order to Show Cause.

## DISCUSSION

Martinez filed his Petition pursuant to 8 U.S.C. § 1186a.

Section 1186a governs the process by which an

2   -   OPINION AND ORDER

> alien who marries a U.S. citizen obtains
> permanent residence status on a conditional
> basis by virtue of that marriage, and the
> procedures by which an alien may have the
> conditional basis of that status removed.
> Under this section, an alien may become a
> permanent resident after two years by jointly
> filing with the alien's citizen spouse a
> petition for removal of the conditional
> basis.

*Oropeza-Wong v. Gonzales*, 406 F.3d 1135, 1142 (9th Cir. 2005)(citing § 1186a(c)(1)).  "[T]he alien may seek a statutory waiver of the joint filing requirement" under certain circumstances, which is referred to as a "hardship waiver."  *Id.* (citing § 1186a(c)(4)).  As noted, however, both petitions and requests for hardship waiver under § 1186a must be submitted to the Attorney General of the United States.  § 1186a(c)(1), (c)(4).  *See also Oropeza-Wong*, 406 F.3d at 1141-42 (request for hardship waiver must be made to Attorney General).

Martinez appears to attempt to cure the defects in his Petition by substituting the Attorney General as the defendant, which is insufficient to cure the defects because petitions and requests for hardship waiver must be *submitted* to the Attorney General of the United States.  The record does not reflect Martinez has done so.  Even if Martinez had submitted such a petition to the Attorney General and was appealing a final order denying a petition or a request for hardship waiver under § 1186a, such an appeal is exclusive to the appropriate court of appeals or, in this case, the Ninth Circuit.  *See* 8 U.S.C.

3  -   OPINION AND ORDER

§ 1252(a)(5).  *See also Oropeza-Wong*, 406 F.3d at 1143 n.6 (final order denying request for hardship waiver reviewed by Ninth Circuit).

The Court, therefore, concludes it does not have subject-matter jurisdiction over this matter.

## CONCLUSION

For these reasons, the Court **DENIES** Martinez's Amended Petition for Hardship Status Consideration (#4) and **DISMISSES** this matter **without prejudice** to Petitioner's right to submit his request to the Attorney General of the United States.

IT IS SO ORDERED.

DATED this 1st day of April, 2009.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge